UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**PAUL MILLER,**

                Case No. 3:11-CV-430

    **Plaintiff,**

                Judge Thomas M. Rose

-v-

**TRANSFREIGHT, LLC and
BRETT PROPERTIES NO. 1, LLC,**

    **Defendants.**

---

**ENTRY AND ORDER DENYING TRANSFREIGHT, LLC'S AND BRETT PROPERTIES NO. 1, LLC'S MOTIONS TO DISMISS (Doc. #9; Doc. #10)**

---

  Pending before the Court are Defendants Transfreight, LLC's ("Transfreight's") and Brett Properties No. 1, LLC's ("Brett's") Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. (Doc. #9; Doc. #10.) Plaintiff Paul Miller ("Miller") has responded to the Motions To Dismiss (doc. #11) and the time has run and Transfreight and Brett have not replied to Miller's response. The Motion To Dismiss is, therefore, ripe for decision.

  However, before adjudicating the pending Motion To Dismiss, the Court has determined that diversity of citizenship exists. The sole member of Transfreight is TF, USA, Inc., a Delaware Corporation. The members of Brett are Brett Setzer and James Setzer who are both residents of Kentucky.

**I.  Factual Background**

  According to the First Amended Complaint, on January 28, 2011, Miller arrived at 1351 Blauser Drive in Tipp City, Ohio, to pick up a trailer from Transfreight. (Compl. ¶¶ 7-8.) Miller

was employed by Commonwealth Express. (Id. at ¶ 8.) Brett is the registered property owner of the facility operated by Transfreight at that address. (Id. at ¶¶ 2-3.)

While present to pick up the trailer at Transfreight, Miller fell due to snow and ice on the stairs and/ or the walkways. (Id. at ¶¶ 7-10.)  As a result, Miller suffered "serious and permanent injuries for which he has in the past and will in the future incur medical expenses for his care and treatment and has in the past and will in the future suffer pain of body and anguish of mind including the increased likelihood of future complications and the loss of enjoyment of life all to his damage and detriment…." (Id. at 10.)

## II.     Standard of Review

Under Fed. R. Civ. P. Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Also, the complaint must be construed in the light most favorable to the non-moving party and its pleadings must be accepted as true. *Morgan v. Church's Fried Chicken*, 829, F. 2d 10, 12 (6th Cir. 1987).

## III.    Analysis

An owner or an occupier of land owes no duty to warn invitees, of any kind, of open and obvious dangers on the property. *Paschal v. Rite Aid Pharmacy, Inc.*, 480 N.E.2d 474 (Ohio 1985).  As both parties acknowledge, natural accumulations of snow and ice are generally considered to be open and obvious. *Brinkman v. Ross*, 623 N.E.2d 1175 (Ohio 1993).  The reasoning behind the open and obvious doctrine are that if the dangers are open and obvious a reasonable person would protect themselves from them. *Simmers v. Bentley Constr. Co.*, 567 N.E.2d 504 (Ohio 1992).

Several exceptions to this rule are recognized by Ohio courts. An owner of land, for

instance, may have a duty to remove unnatural or improper accumulations of snow and ice if that accumulation creates "a substantially more dangerous" atmosphere than normal. *Sanfilippo v. Village Green Mgmt. Co.*, 2010-Ohio-4211 (Ohio App. 2010) (internal citations omitted); *See, also Community Ins. Co. v. McDonalds Restaurants of Ohio, Inc.*, 1998 WL 852772 (Ohio App. 1998).

Ohio courts have held, however, that snow which has been placed in piles by plowing and later melted causing water runoff that later turns into ice is not an unnatural accumulation. *McDonald v. Koger*, 779 N.E.2d 1083 (Ohio App. 2002). Nor has an accumulation of ice on a man-made surface such as a sidewalk or steps been held as unnatural. *See*, *Debie v. Corchran Pharmacy – Berwick, Inc.*, 227 N.E.2d 603 (Ohio 1967); *Sidle v. Humphrey*, 233 N.E.2d 589 (Ohio 1968).

This Court must construe the facts in the most favorable light to Miller, the non-moving party. Based upon Miller's First Amended Complaint, a "substantially more dangerous" accumulation is possible which could result in an exception to the rule that an owner owes no duty to warn invitees of open and obvious dangers. Therefore, the Motion to Dismiss for failure to state a claim must be denied.

### IV. Conclusion

For the foregoing reasons, Defendants' Motions to Dismiss for failure to state a claim upon which relief may be granted (docs. #9,10.) are hereby **DENIED**.

**DONE** and **ORDERED** in Dayton, Ohio this Seventeenth day of April, 2012.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record