UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

PAUL MILLER,

      Plaintiff,

-v-

TRANSFREIGHT, LLC, et al.,

      Defendants.

Case No. 3:11-cv-430

Judge Thomas M. Rose

_____

ENTRY AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. #31) AND TERMINATING THIS CASE

_____

The Plaintiff in this matter is Paul Miller ("Miller").  The Defendants are Transfreight, LLC ("Transfreight") and Brett Properties, No. 1, LLC ("Brett Properties"). The sole member of Transfreight is TF, USA, Inc., a Delaware Corporation. The members of Brett Properties are Brett Setzer and James Setzer who are both residents of Kentucky. Miller alleges that he is a citizen of Tennessee and alleges damages in excess of $75,000. Thus, this Court has diversity subject matter jurisdiction to adjudicate Miller's claim which alleges one count for negligence.

This matter is now before the Court on Defendants' (Transfreight's and Brett Properties') Motion for Summary Judgment. (Doc. #31.) This Motion is now fully briefed and ripe for decision.  The relevant factual background will first be set forth followed by the standard of review for motions for summary judgment and an analysis of Defendants' Motion.

**RELEVANT FACTUAL BACKGROUND**

Miller's Complaint is not verified so the only Rule 56 evidence before the Court is the

Affidavit of Brett Musgrave[1] ("Musgrave Aff.") dated June 25, 2013. Thus, the relevant factual background is taken from the Musgrave Aff.

On January 28, 2011, Miller slipped and fell on Transfreight property. (Musgrave Aff. ¶¶ 3, 4.) On that day, there was a "natural" accumulation of snow and ice of about one inch on the ground where Miller fell which created a slippery situation. (Id. at ¶ 5.) However, this slippery situation was not more dangerous than one would expect. (Id.)

On January 28, 2011, the snow had not been plowed because there was not enough. (Id. at ¶ 6.) Also, the concrete where Miller fell was not in poor condition. (Id. at ¶ 7.) Finally, Miller was wearing "old sneakers" which had "flat, worn soles." (Id. at ¶ 8.)

**STANDARD OF REVIEW FOR MOTIONS FOR SUMMARY JUDGMENT**

The standard of review applicable to motions for summary judgment is established by Federal Rule of Civil Procedure 56 and the associated caselaw. Rule 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Alternatively, summary judgment is denied "[i]f there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Hancock v. Dodson*, 958 F.2d 1367, 1374 (6th Cir. 1992)(quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986)). Thus, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an

---

[1] Brett Musgrave was the Traffic Coordinator for Transfreight at the time of the accident.

element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Id*. at 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)).

Once the burden of production has shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp*., 477 U.S. at 324.

In determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in the favor of that party. *Anderson*, 477 U.S. at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe by determining which parties' affiants are more credible. 10A Wright & Miller, *Federal Practice and Procedure*, §2726. Rather, credibility determinations must be left to the fact-finder. *Id*.

However, the mere existence of a scintilla of evidence in support of the nonmoving party is not sufficient to avoid summary judgment. *Anderson*, 477 U.S. at 252. "There must be evidence on which the jury could reasonably find for the plaintiff." *Id*. The inquiry, then, is

whether reasonable jurors could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. *Id.*

Finally, in ruling on a motion for summary judgment, "[a] district court is not… obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990).  Thus, in determining whether a genuine issue of material fact exists on a particular issue, the court is entitled to rely upon the Rule 56 evidence specifically called to its attention by the parties.  The Rule 56 evidence includes the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted. Fed. R. Civ. P. 56(c).

## ANALYSIS OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The Defendants argue that Miller has failed to produce any evidence that an exception to the "open and obvious" rule applies in this case. Miller responds that genuine issues of material fact remain as to whether the Defendants failed to warn Miller or remedy the dangerous condition of the area of the parking lot in front of the office about which Defendants had superior knowledge.

An owner or an occupier of land owes no duty to warn invitees, of any kind, of open and obvious dangers on the property. *Paschal v. Rite Aid Pharmacy, Inc.*, 480 N.E.2d 474 (Ohio 1985).  As both parties acknowledge, natural accumulations of snow and ice are generally considered to be open and obvious. *Brinkman v. Ross*, 623 N.E.2d 1175 (Ohio 1993).  The reasoning behind the open and obvious doctrine are that if the dangers are open and obvious a reasonable person would protect themselves from them. *Simmers v. Bentley Constr. Co.*, 567 N.E.2d 504 (Ohio 1992).

Several exceptions to this rule are recognized by Ohio courts. An "owner of business premises has a duty to remove natural accumulations of ice and snow which he knows, or should know, have there created a condition substantially more dangerous to his business invitees than the invitees should reasonably have anticipated from their knowledge of weather conditions prevailing generally in the area." *Mikula v. Tailors*, 263 N.E.2d 316, 322 (Ohio 1970). There is also a duty to remove natural accumulations of ice and snow which creates a danger which is not obvious and which a business invitee cannot be reasonably expected to know and of which the owner should have superior knowledge. *Id.*

Ohio courts have held, however, that snow which has been placed in piles by plowing and later melted causing water runoff that later turns into ice is not an unnatural accumulation. *McDonald v. Koger*, 779 N.E.2d 1083 (Ohio App. 2002). Nor has an accumulation of ice on a man-made surface such as a sidewalk or steps been held as unnatural. *See*, *Debie v. Corchran Pharmacy–Berwick, Inc.*, 227 N.E.2d 603 (Ohio 1967); *Sidle v. Humphrey*, 233 N.E.2d 589 (Ohio 1968).

Both parties agree that Miller was considered an invitee on the property where he fell. In this case, the Defendants had no duty to warn Miller of the one-inch accumulation of snow unless the snow and ice accumulation created a "substantially more dangerous" atmosphere Miller should reasonably have anticipated from his knowledge of prevailing weather conditions or unless the ice and snow created a danger which was not obvious to Miller but was expected to be known by the Defendants.

There is no Rule 56 evidence that the Defendants knew that the snow and ice accumulation created a "substantially more dangerous" atmosphere that Miller should reasonably have anticipated. Further, there is no evidence that the ice and snow created a danger

which was not obvious to Miller and of which the Defendants had superior knowledge. The only Rule 56 evidence indicates that there was a "natural" accumulation of snow and ice of about one inch that was not more dangerous than one would expect. In sum, the Rule 56 evidence indicates that the Defendants had no duty to Miller to warn him of the ice and snow or remove the ice and snow and thus Miller cannot maintain his negligence claim.

## CONCLUSION

There are no genuine issues of material fact and the Defendants are entitled to judgment as a matter of law on Miller's negligence claim. Defendants' Motion for Summary Judgment (doc. #31) is granted. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio this Seventh Day of August, 2013.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record